**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIK IRSHAD AHMED, | No.   17-72564 |
| Petitioner, | Agency No. A208-119-995 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Malik Irshad Ahmed, a native and citizen of Pakistan, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the agency's denial of a motion to continue, and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for abuse of discretion the agency's denial of a motion to remand. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Ahmed's motion for an eighth continuance where the IJ advised him that no further continuances would be granted, he had previously advised the IJ that he had no further evidence to present, and he otherwise failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ "may grant a motion for continuance for good cause shown"); *Cui v. Mukasey*, 538 F. 3d 1289, 1292 (9th Cir. 2008) (listing factors to consider); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim). Accordingly, the BIA did not abuse its discretion in denying remand. *See Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to remand must show that "if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)).

We lack jurisdiction to consider Ahmed's contention regarding his prior attorney's conduct before the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of

17-72564

counsel to exhaust his administrative remedies by first presenting the issue to the BIA."); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 2000) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance] claims.").

To the extent that Ahmed is seeking prosecutorial discretion, we lack jurisdiction to consider his request. *See Vilchiz-Soto v. Holder,* 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**